UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 5:24-cr-93-TPB-PRL

THOMAS ALAN EBERSOLE,

    Defendant.
_____/

## ORDER OF DETENTION

This matter is before the Court on Defendant Thomas Alan Ebersole's "Appeal of Detention Order," filed by counsel on August 16, 2024. (Doc. 13). On August 29, 2024, Defendant filed a supplement.[1] (Doc. 18). On September 4, 2024, the United States of America filed a response. (Doc. 20).

Previously, Magistrate Judge Philip R. Lammens ordered Defendant detained without bail. (Doc. 10). Defendant challenges the detention order and requests immediate release with conditions. A magistrate judge's detention order is subject to *de novo* review. *See United States v. King*, 849 F.2d 485, 489-91 (11th Cir. 1988).

In this case, Defendant, age 32, is alleged to have met a minor victim, age 16, online and drove to Ohio to meet her. After meeting her, he drove the minor

---

[1] The supplement clarifies that a pretrial services report listed a prior arrest for felony charges of burglary and grand theft for which Defendant received a sentence of probation with the Florida Department of Juvenile Justice, but a subsequent inquiry revealed that Defendant was the victim of that offense, not the perpetrator. Although the updated information is appreciated, it does not appear that the magistrate judge relied on this prior alleged criminal history when making his detention determination. The Court will similarly not rely on this offense when conducting its *de novo* review.

victim with him back to Florida, where he allegedly had sex with her. When first approached by law enforcement, Defendant denied knowing the victim, but he later produced the victim – who was inside his home. Both Defendant and the victim denied any sexual contact at first. After the minor was returned to Ohio, Defendant continued to deny a sexual relationship, although the victim ultimately acknowledged sexual contact. The results of a DNA kit confirm the presence of Defendant's sperm inside the victim's vagina.

Defendant was originally charged in state court with several offenses, and those state charges remain pending. He has been charged federally with one count of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). (Doc. 1). This offense carries a minimum mandatory sentence of ten years' imprisonment and a maximum of life imprisonment. *See* 18 U.S.C. § 2423(a).

Under 8 U.S.C. § 3142(e), subject to rebuttal by the person, it is "presumed that no condition on or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed – . . . an offense involving a minor victim under section . . . 2423." Following a detention hearing, Judge Lammens found that Defendant had not introduced sufficient evidence to rebut this presumption. Judge Lammens further found that even if Defendant had or could rebut the presumption, detention is still warranted because there is clear and convincing evidence that no condition or combination of conditions of release can reasonably assure the safety of any other person and the

community, specifically pointing to the weight of the evidence against Defendant and the lengthy period of incarceration if convicted.

Considering the nature and circumstances of the offense and the strength of the evidence against Defendant, the Court agrees with Judge Lammens that pretrial detention is warranted. Defendant's primary argument appears to hinge on the fact that he had previously been released on a low bond from the state charges arising from the same conduct as this case, and that he has not violated those conditions or attempted to flee. However, at the time of the state court bond, the sexual relationship between Defendant and the minor victim was not known or confirmed. It is highly unlikely a low bond would have been granted had this information been known. And even if that were the case, this Court would definitely not be bound by a state court's bond determination, which very well may require different considerations. Moreover, it is possible that the state court judge simply viewed the seriousness of this offense differently than this Court, or it did not accurately assess the danger to the community presented by a defendant who may have committed the crimes alleged here.

Although Defendant owns his own home in Dunnellon, Florida, and has family ties to the community, these are not enough to rebut the presumption that he is a danger to the community and a flight risk, and that he will not appear as required. Defendant is aware of damaging evidence against him, including the victim's statements and the results of the DNA kit analysis. Moreover, Defendant is facing a lengthy sentence, including a 10-year minimum mandatory, so he is a flight risk. Based on the forgoing, the Court finds that no conditions of release will

reasonably assure the appearance of Defendant or the safety of the community. The motion is denied. Defendant shall remain detained without bail.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant's "Appeal of Detention Order" (Docs. 13; 18) is denied.

(2) Defendant shall remain detained without bail.

(3) Defendant remains committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

(4) Defendant shall be afforded reasonable opportunity for private consultation with counsel.

(5) The person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshal for the purposes of appearing in court as necessary.

**DONE** and **ORDERED** in Chambers, in Ocala, Florida, this <u>18th</u> day of September, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE